```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  TING YANG,                                                :
                                                            :   MEMORANDUM DECISION AND
                                                            :   ORDER
                                    Plaintiff,              :
                                                            :   21-cv-5485 (BMC)
              - against -                                   :
                                                            :
                                                            :
  TIMOTHY HOUGHTON, in his official                         :
  capacity as New York District Director,                   :
  United States Citizenship and Immigration                 :
  Services,                                                 :
                                                            :
                                                            :
                                    Defendant.              :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff is a Chinese citizen. She and her husband were granted asylum in this country on February 20, 2020. However, her 11-year-old daughter is still in China with her grandmother. Mother and daughter have been separated for seven years, *i.e.*, since the daughter was 4 years' old. In May 2020, plaintiff filed an administrative petition using Form I-730 to seek asylee status for her daughter. USCIS has not adjudicated her petition yet. She claims that the delay in doing so entitles her to relief in this Court under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701, directing USCIS to adjudicate her petition. USCIS has moved to dismiss, and the motion must be granted.

There is no question that USCIS is overstressed and under-resourced in processing all categories of immigration petitions and applications. The courts have been flooded with cases in which applicants understandably seek to compel faster action. But as many cases have noted, relief from a court in this situation simply jumps one plaintiff to the front of the line and pushes

everyone else further back. See Yan Chen v. Nielsen, No. 17-cv-7157, 2018 WL 1221130, at *2 (E.D.N.Y. Mar. 8, 2018) ("There are many other applicants who have waited even longer than plaintiff; to grant her priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit."); L.M. v. Johnson, 150 F. Supp. 3d 202, 213 (E.D.N.Y. 2015); Pesantez v. Johnson, No. 15-cv-1155, 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015); Li v. Chertoff, No. 07-cv-3836, 2007 WL 4326784, at *6 (E.D.N.Y. Dec. 7, 2007). The courts are ill-equipped to decree those priorities, and even if they could, it just wouldn't be fair to applicants who have been waiting longer than a plaintiff just because the plaintiff has chosen to sue.

There may be a case in which the delay is so plainly unconscionable that a court is compelled to move that plaintiff to the front of the line, notwithstanding that she will thereby displace others. But this is not that case. Plaintiff has only been waiting 18 months, a much, much shorter period than those that the courts have held are still insufficient to compel mandamus or to find an APA violation. See Yan Chen, 2018 WL 1221130, at *2 (noting that "the mere delay of roughly four and a half years is an inadequate ground to grant either mandamus or APA relief"); see also De Oliveira v. Barr, No. 19-cv-1508, 2020 WL 1941231 at *4 (E.D.N.Y. Apr. 22, 2020); Gong v. Duke, 282 F. Supp. 3d 566, 568 (E.D.N.Y. 2017); Saleh v. Ridge, 367 F. Supp. 2d 508, 513 (S.D.N.Y.2005) (finding that a five-year delay in adjustment of asylum status was not unreasonable). It is far from an optimal state of affairs, but USCIS can only deploy the resources that it has.

Plaintiff attempts to distinguish these cases by emphasizing her daughter's "exceptional" situation. The length of separation, plaintiff contends, makes this matter "urgent." Plaintiff asserts that her daughter has questioned whether plaintiff abandoned her and that the whole

2

family, including the daughter, has suffered mental stress. Although plaintiff has not alleged or put forward probative evidence of that, the Court accepts the situation as plaintiff describes it because it is the logical result of the lengthy separation.[1]

The Court will not minimize the emotional difficulties caused by this separation. But mother and daughter's situation unfortunately cannot be uncommon. There is nothing exceptional in having a lengthy family separation in a case where parents seek asylee status. The mere passage of time and the attendant psychological stress on the family are not sufficiently differentiating grounds for federal courts to intervene and pick preferred applicants.

In addition, USCIS itself provides a procedure that allows expedition for "emergencies and urgent humanitarian reasons." This is referred to as an "expedite request." See https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request. Plaintiff has not availed herself of that procedure. That may be because, despite her understandable belief that her case should be treated as exceptional, she does not meet the criteria for that procedure. Whatever her reason for not utilizing it, the existence of the procedure illustrates the need for USCIS to reserve sufficient resources to turn to those situations immediately when they arise. The courts should not invade that reserve at the risk of reducing the resources available to deploy in cases, for example, involving a minor who, unlike the daughter here, has no means of support, is suffering from serious illness, or faces torture or imminent death.

Finally, it appears that plaintiff's processing period may soon be coming to an end without any intervention by this Court. USCIS has shown that 50% of its I-730 applications are determined within 21.5 months, and 93% are determined within 28 months. Plaintiff is still

---

[1] Plaintiff makes a number of statements in her brief that purport to introduce details of her daughter's situation not alleged in the complaint or in the plaintiff's affidavit opposing this motion. Putting aside the lack of evidence for those arguments, it does not change the fact USCIS has a procedure to accommodate cases that are truly emergencies.

below those ratios, but not by much. Under virtually any realistic scenario, the lion's share of this family separation, to the extent it will be resolved by the decision on her I-730, has already happened. This is a further illustration of why this Court should not intervene in an administrative process that is still underway.

The Court will not supplant the ongoing administrative process. Neither the delay thus far nor the particulars of plaintiff's family, demonstrate that USCIS action has become compulsory for purposes of mandamus, nor does the case present "unreasonable delay" under the APA. 5 U.S.C. § 706(1). Defendant's motion to dismiss is therefore granted. The dismissal is, of course, without prejudice to a subsequent proceeding based on changed circumstances.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       December 12, 2021

4